UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MODESTO ALMONTE, *et al*.,

                Plaintiffs,

-v-

JAM MAINTENANCE LLC, *et al*.,

                Defendants.

22-CV-1820 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiffs Modesto Almonte, Manuel Cabrera, Edwin Heredia, Jose Jimenez, Fabio Lopez, Gregorio Marte, Fiordaliza Ramirez, Tirso Ramirez, Gabriel Perez, and Manuel Vasquez (collectively, "Plaintiffs") bring this action against two sets of defendants: (1) the entity and individual who owned and operated the building maintenance company that directly employed Plaintiffs — JAM Maintenance LLC and Diego Ramirez (collectively, "JAM Maintenance"); and (2) the entities and individuals who owned the apartment buildings where Plaintiffs were employed — 1165 Gerard Realty LLC, 1170 Gerard Realty LLC, Beauty Realty LLC, Sagamore Realty LLC, Prospect 2000 Realty LLC, Robert Kaszovitz, and Akiva Kaszovitz (collectively, "Building Defendants").  Plaintiffs allege that these defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"), by, *inter alia*, failing to pay minimum wage and overtime compensation.  JAM Maintenance and Building Defendants have separately moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment.  For the reasons that follow, the motions are denied.

I.  Background

    A.  **Factual Background**

The facts described herein are, unless otherwise indicated, taken from Plaintiffs' First Amended Complaint. (ECF No. 60 ("FAC").) These facts are presumed true for the purposes of the 12(b)(6) motions.

Building Defendants own and operate five apartment buildings in the Bronx. (FAC ¶¶ 25-30, 43.) JAM Maintenance is a building maintenance company that works exclusively for Building Defendants and does not perform work at any other locations. (*Id*. ¶¶ 56-57, 67-68.) Plaintiffs were variously employed, between 2017 and 2021, as building porters and superintendents by JAM Maintenance at Building Defendants' five properties. (*Id*. ¶¶ 1, 5-24.) According to the complaint, Defendants Robert and Akiva Kaszovitz — the individual owners of the five buildings — had the power to hire and fire employees at their buildings, including Plaintiffs, and to determine their wages and compensation. (*Id*. ¶¶ 33-34, 39-41, 52-54.) Each also possessed substantial control over Plaintiffs' working conditions, assignments, and duties. (*Id*. ¶¶ 35-38, 42, 46-50, 55.) Plaintiffs allege that JAM Maintenance and Building Defendants jointly employed Plaintiffs and had combined annual revenues of at least $500,000 — thereby meeting the statutory threshold for enterprise coverage under the FLSA. (*Id*. ¶¶ 66-85.)

Plaintiffs were required to work seven days a week, with most working approximately 70 hours weekly. (*Id*. ¶¶ 86-87.) The complaint alleges that Defendants failed to pay minimum wage and overtime compensation, and that they failed to provide accurate wage statements and written wage notices. (*Id*. ¶¶ 116-150.)

    B.  **Procedural History**

Plaintiffs filed this action on March 3, 2022, and filed the amended complaint on December 16, 2022. (ECF Nos. 1, 60.) On February 6, 2023, JAM Maintenance and Building

Defendants filed separate motions to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment. (ECF Nos. 63, 69.) On March 31, 2023, Plaintiffs submitted a memorandum of law in opposition to the motions to dismiss and for summary judgment. (ECF No. 78.) On June 2, 2023, JAM Maintenance and Building Defendants filed separate reply briefs. (ECF Nos. 85, 87.)

II.     **Legal Standard**

   A.     **Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, "the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).

   B.     **Motion for Summary Judgment**

Under Federal Rule of Civil Procedure 56(a), the Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). And an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

### III.     Discussion

The Court first addresses Defendants' motions to dismiss, which turn on one central question: whether Plaintiffs have pleaded sufficient facts to allege a plausible claim that Building Defendants and JAM Maintenance were joint employers and, therefore, covered by the FLSA and NYLL. The Court concludes by addressing Defendants' motions for summary judgment.

#### A.     Motions to Dismiss

To successfully state an FLSA claim for unpaid wages or overtime compensation, a plaintiff must allege, among other things, that a defendant was his employer. *Yongfu Yang v. An Ju Home, Inc.*, No. 19 Civ. 5616, 2020 WL 3510683, at *3 (S.D.N.Y. June 29, 2020). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This includes any entity that "suffer[s] or permit[s]" an individual to work. *Id.* § 203(g). The Supreme Court has recognized that this definition is one of "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). "Two or more employers may be both jointly or severally responsible for compliance with the statutory requirements applicable to employment of a particular employee." 29 C.F.R. § 1620.8.

The FLSA does not define "joint employer" or "joint employment." Courts in this Circuit employ two primary tests to determine whether a defendant was a joint employer of an

4

FLSA plaintiff: a "formal control" test, *see Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), and a "functional control" test, *see Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003).  These tests implement the Supreme Court's holding that the FLSA's definition of employment is a matter of "economic reality" — not abstract "technical concepts." *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961).  "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

A court must "look beyond an entity's formal right to control the physical performance of another's work before declaring that the entity is not an employer under the FLSA." *Zheng*, 355 F.3d at 69.  Thus, courts must not only analyze whether an entity is an employer under the *Carter* test, but must also apply the *Zheng* test to determine whether an entity, even if does not exert formal control over a worker, nonetheless exerts functional control over the worker and thus acts as an employer for purposes of the FLSA. *Id*.  There is "no rigid rule for the identification of an FLSA employer," but rather, the determination of the relevant factors in any given case must be made "on a case-by-case basis." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–143 (2d Cir. 2008).  Courts in this District also regularly apply the same tests to determine joint employer status under both the FLSA and NYLL. *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014).

Plaintiffs allege that "[d]espite operating under separate companies, [Building Defendants] and JAM Maintenance LLC operated as a single integrated enterprise that jointly employed Plaintiffs at five residential apartment buildings in New York City." (FAC ¶ 67.)  The complaint alleges that Building Defendants and JAM Maintenance "have had a high degree of interrelated and unified operations, centralized control of labor relations, common control,

5

common business purposes, interrelated business goals, and common ownership." (*Id.* ¶ 66.) Defendants argue that Plaintiffs' allegations are boilerplate, conclusory, and insufficient to support a plausible allegation of joint employment status. (ECF No. 64 at 13-14, ECF No. 72 at 1-2, 18.)

Defendants' arguments are unpersuasive. Under both the formal and functional control tests, Plaintiffs have alleged sufficient facts to support the inference that Building Defendants exercised control over Plaintiffs' employment, even as Plaintiffs were directly employed by JAM Maintenance.

Four factors help shape the *Carter* formal control test: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12 (internal quotation marks and citation omitted). However, "[n]o one of the four factors standing alone is dispositive," *Herman*, 172 F.3d at 139, and "a positive finding on those four factors" is not "*necessary* to establish an employment relationship," *Zheng*, 355 F.3d at 69.

In *Zheng*, the Second Circuit outlined six factors to determine whether an entity exercises "functional control over workers even in the absence of . . . formal control." *Id.* at 72. Courts assess (1) whether the alleged employer's equipment and premises were used for the workers' labor, (2) whether the workers' labor could "shift as a unit from one putative joint employer to another," (3) whether workers performed "discrete line-job" work integral to the alleged employer's production process, (4) whether a subcontractor could pass responsibility to another subcontractor "without material changes," (5) the degree to which the alleged employer

6

supervised the workers' labor, and (6) whether the workers labored exclusively or predominantly for the alleged employer. *Id.*

Here, Plaintiffs have alleged sufficient facts to satisfy both the formal and functional control tests. The complaint alleges that the individual Building Defendants — Robert and Akiva Kaszovitz — (1) had the authority to hire and fire Plaintiffs; (2) managed and controlled Plaintiffs' staffing, work locations, and duties; (3) determined the amounts and method of pay; and (4) regularly visited the Building Defendants' properties and personally supervised or directed individual tasks. (FAC ¶¶ 33-55, 72-79.) Plaintiffs also allege that they worked solely at the Building Defendants' properties and were regularly transferred among them but never worked at any other locations. (*Id*. ¶¶ 69, 77.) Finally, Plaintiffs also allege that JAM Maintenance performs work exclusively for Building Defendants. (*Id*. ¶ 68.)

With these allegations accepted as true, Plaintiffs have stated a plausible claim that Building Defendants were joint employers with JAM Maintenance. The complaint plausibly alleges the first three of the four *Carter* factors: the power to hire and fire; supervision or control over work schedules and duties; and determination of pay methods and amounts. Plaintiffs also plausibly allege, at the least, the three *Zheng* factors most relevant in the context of this alleged joint employment arrangement: exclusive use of Defendants' premises for work; the high degree of supervision of Plaintiffs' labor; and Plaintiffs' exclusive work for the alleged joint employer.

Defendants argue that Plaintiffs' allegation of joint employment status is "simply insufficient and anyway is directly refuted by clear and convincing evidence" offered by the defendants in their reply. (ECF No. 64 at 11.) However, on a 12(b)(6) motion, this Court does "not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice

may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation marks and citation omitted).  Moreover, Plaintiffs' allegations about Building Defendants' formal and functional control over Plaintiffs' employment have been pleaded with greater specificity than mere "labels and conclusions" and contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Based on the analysis of the *Carter* and *Zheng* factors, these allegations go beyond "the speculative level," *id.*, and "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679.

Finally, defendants Robert and Akiva Kaszovitz argue that the action against them should be dismissed because Plaintiffs missed the deadline to effect service on them by three days. (ECF No. 72 at 22-23).  This Court has already ruled that this short delay in service did not harm the Defendants and would have been permitted by a brief extension.  (*See* ECF No. 78 at 21.) Therefore, this minor delay is not grounds for dismissal.

### B. Motions for Summary Judgment

JAM Maintenance and Building Defendants also filed motions for summary judgment (ECF Nos. 63, 69.)  The motions for summary judgment are premature, as the parties have yet to commence discovery with respect to Plaintiffs' claims.  *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2000) ("[S]ummary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." (internal quotation marks and citation omitted)); *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").  Even after discovery, "[b]ecause determining joint employment is 'fact-intensive,' awards of summary judgment on this issue, although sometimes appropriate, are rare." *Greenawalt v. AT&T Mobility LLC*, 642 F. App'x 36,

8

37 (2d Cir. 2016) (summary order) (citing *Barfield*, 537 F.3d at 143-44).

In assessing whether an entity is a joint employer, the "findings of fact that underlie each of the relevant factors" of the economic realities test, as well as the "findings as to the existence and degree of each factor," are "findings of fact." *Zheng*, 355 F.3d at 76. The final determination "whether an entity is a joint employer" is a "conclusion of law to be drawn from applying the factors." *Id*. There are genuine disputes over several facts material to the *Carter* factors that cannot be resolved on the pleadings, including whether Building Defendants had the power to hire and fire Plaintiffs, control their wages, and schedule and control their work assignments. (*See* ECF No. 77, Ex. 2.) Defendants also do not respond to several factual allegations that are material to the *Zheng* factors, including that Plaintiffs performed work solely at Building Defendants' properties and that JAM Maintenance worked exclusively for Building Defendants. Defendants, therefore, have not demonstrated that a reasonable jury could not return a verdict for the Plaintiffs. Accordingly, the motions for summary judgment are denied.

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss and for summary judgment are DENIED.

Defendants shall file answers to the First Amended Complaint within 21 days of the date of this opinion and order.

The Clerk of Court is directed to close the motions at Docket Numbers 63 and 69.

SO ORDERED.

Dated: September 18, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge