UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
MODESTO ALMONTE, MANUEL CABRERA, :
EDWIN HEREDIA, JOSE JIMENEZ, FABIO LOPEZ, :
GREGORIO MARTE, FIORDALIZA RAMIREZ, :
TIRSO RAMIREZ, GABRIEL PEREZ, and MANUEL :
VASQUEZ, :
                                                   Plaintiffs, :
:
               -against- :    22 Civ. 1820 (BCM)
:
JAM MAINTENANCE LLC, 1165 GERARD REALTY, :
LLC, 1170 GERARD REALTY LLC, BEAUTY REALTY :
LLC, SAGAMORE REALTY LLC, PROSPECT 2000 :
REALTY LLC, DIEGO RAMIREZ, ROBERT :
KASZOVITZ, and AKIVA KASZOVITZ, :
:
                                                   Defendants. :
------------------------------------------------------------------------ X

**DECLARATION OF GIANFRANCO J. CUADRA IN SUPPORT OF PLAINTIFFS'
MOTION FOR SETTLEMENT APPROVAL UNDER *CHEEKS***

      Gianfranco J. Cuadra, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, declares the following under penalty of perjury:

      1.     I am a partner at Pechman Law Group PLLC ("PLG") in New York, New York. Along with Rachell Henriquez, an associate attorney at PLG, I am one of the attorneys primarily responsible for prosecuting the claims of Plaintiffs in this Action.

      2.     I make this affirmation in support of the Parties' joint letter-motion for settlement approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      3.     Attached as Exhibit A is the Parties fully executed Settlement Agreement (the "Agreement"). Exhibits attached to the Agreement are referred to by number in this Declaration and in the accompanying joint letter-motion. For example, "Exhibit 1" refers

to the chart attached to the Agreement reflecting the Distributions of the Settlement Amount.

4. Attached as Exhibit B is a copy of the retainer agreement that Plaintiff Modesto Almonte signed with PLG on November 10, 2021. For the Court's convenience, I have translated this Agreement into English, which appears immediately after the original Spanish language agreement that Mr. Almonte signed (*see* Ex. B). I am a native speaker of both English and Spanish and confirm that the translation of Mr. Almonte's retainer agreement is true and accurate. All Plaintiffs in this Action signed retainer agreements with PLG that are identical to the one reflected in Exhibit B.

5. Attached as Exhibit C are copies of invoices reflecting the costs that PLG incurred in prosecuting this Action.

6. Attached as Exhibit D are the contemporaneous billing records of PLG for this Action.

7. For the reasons set forth in detail below and in the accompanying joint letter-motion, the Court should approve the settlement embodied in the Agreement but retain jurisdiction over this Action for purposes of enforcement of the Agreement.

I. **Plaintiffs' Attorneys Are Competent and Experienced Counsel**

8. PLG represents Plaintiffs in this Action. PLG's attorneys are competent and experienced wage-and-hour counsel. For the reasons that follow, the Court should approve the fees and costs that PLG requests in this Action.

9. PLG specializes in representing both workers and businesses in workplace disputes. We have handled hundreds of wage-and-hour FLSA cases on behalf of both workers and employers, including Fortune 500 companies.

10. The firm has done substantial work identifying, investigating, and prosecuting Plaintiffs' claims. It has substantial experience prosecuting and settling

wage-and-hour actions, including class actions, and is well-versed in wage-and-hour and class action law. *See generally* Ex. D.

11. Since graduating from Fordham Law School in 1983, Louis Pechman has specialized in labor and employment law. He was an attorney at Skadden, Arps, Slate, Meagher & Flom LLP; Vladeck, Waldman, Elias & Engelhard, P.C.; the Daily News; and Lambos & Giardino/Lambos & Junge. From 1996 through 2014, he was a partner at Berke-Weiss & Pechman LLP, the predecessor firm to PLG. On January 1, 2015, he founded PLG.

12. Mr. Pechman is licensed to practice law in the State of New York and is admitted in all United States District Courts of New York as well as the Second Circuit Court of Appeals. He is also licensed to practice in the State of New Jersey and is admitted in the United States District Court for the District of New Jersey.

13. Over the past several years, Mr. Pechman has handled over 350 wage-and-hour cases, representing both employees and employers, including Fortune 500 corporations. *See Sajvin v. Singh Farm*, No. 17-cv-4032, 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018) (noting that "Pechman's experience, expertise, and reputation in this District [warranted] an award slightly above the current stagnant hourly rate") (Reyes, M.J). He has been appointed class counsel or counsel for FLSA collective classes in several wage-and-hour cases. *See, e.g., Moran v. JLJ IV Enters., Inc.*, No. 651136/2019, at *1 (Sup. Ct., N.Y. Co. June 16, 2020) (granting disputed motion for class action certification and appointing PLG, including Louis Pechman and Gianfranco J. Cuadra, as class counsel); *Soriano v. D&J Export, Inc.*, No. 18 Civ. 194 (E.D.N.Y. 2019) (same in settlement context and approving settlement); *Manley v. Midan Rest., Inc.*, No. 14 Civ. 1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) ("Louis Pechman and the Pechman Law Group have significant experience representing both employers and employees in wage and

3

hour actions in this District. . . . Louis Pechman has an excellent reputation in this District in the field of employment law."); *Carino v. Broadway & 166, LLC*, No. 10 Civ. 8506, Docket No. 35 at *4 (S.D.NY. May 1, 2013) (recognizing that Louis Pechman "used his considerable expertise in this wage and hour case to achieve an excellent result for the Class in a highly efficient manner"); *In re Chickie's and Pete's Wage and Hour Litigation*, No. 12 Civ. 6820, Docket Entry No. 80 at *1 (E.D. Pa. Mar. 28, 2013) (consolidating cases and appointing Louis Pechman as lead counsel); *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 WL 5841175, at *2 (S.D.NY. Sept. 10, 2009) (recognizing Louis Pechman's "extensive experience in litigating wage and hour class actions").

14.     Mr. Pechman speaks frequently on employment law issues, with a focus on wage-and-hour topics. Since 2010, he has moderated an annual program at the New York County Lawyers' Association on "How to Handle a Wage and Hour Case." He last moderated this program in November 2023. On October 6, 2015, he moderated a program at the City Bar on "Current Issues in Settlement of FLSA Cases," which included Judge Lewis A. Kaplan, Magistrate Judge Ronald L. Ellis, and Judge Brian M. Cogan. On September 30, 2015, he moderated a Bloomberg BNA webinar entitled "Top Ten FLSA Litigation Issues: 2015 Edition," which included Magistrate Judge Ramon E. Reyes. On March 2, 2016, he spoke at the New York Hospitality Restaurant Alliance on tipping policies at New York City restaurants. On March 11, 2016, he spoke at the New York City Employment Law Institute on a panel titled, "Prosecuting & Defending Wage and Hour Cases." On September 29, 2016, he spoke in a panel, which included Magistrate Judge Steven M. Gold, in a Bloomberg BNA webinar titled "Top Ten FLSA Litigation Issues: 2016 Edition." On October 24, 2016, he moderated a program at the New York City Bar titled "FLSA Settlement Issues One Year After *Cheeks*," presented by a panel including Chief Magistrate Judge Debra Freeman, District Judge Richard Sullivan, and Magistrate

Judge Marilyn Go.  On June 12, 2017, he served as a panelist in the American Conference Institute's 30th National Forum on Wage & Hour Claims and Class Actions as part of a presentation titled "Trends in Wage & Hour Class & Collective Actions."  Every year since 2017, he has moderated a New York City Bar CLE program titled "FLSA Math: How to Calculate Wage-Related Damages."  Mr. Pechman was also Chair of the Restaurant and Hospitality Law Committee of the Bar of the City of New York from 2014 to 2017.  He is a frequent contributor to the New York Law Journal, and his most recent articles include *Cheeks v. Freeport Pancake House: Five Years Later* (Aug. 6, 2020), *Rights of Undocumented Workers in Wage Theft Cases* (Mar. 13, 2020), and *Prevailing Wage Law in New York's Construction Industry* (Nov. 22, 2021).  Mr. Pechman serves as an Adjunct Professor at Fordham University School of Law, where he teaches a course titled "Wage Theft: Employee Rights and Employer Responsibilities."

15.     Since forming PLG on January 1, 2015, Mr. Pechman's hourly billable rate has been $600 for all clients.[1]  Over 400 of PLG's clients have paid Mr. Pechman's fees at this rate throughout the last several years, including an advertising company, a shoe manufacturer, a money management firm, several restaurants and bakeries, a Broadway theater, a financial recruiting firm, a security guard company, a hedge fund, and a Fortune 100 transportation company.  PLG also represents individuals, such as managing directors at Wall Street firms, executives, and other individuals, who retain his services at his $600 per hour rate.  Adopting a report and recommendation from Magistrate Judge Sarah Netburn, District Judge Lorna G. Schofield awarded Mr. Pechman his regular hourly billable rate of $600 in a contested fee application following a bench trial that I successfully first-chaired in a wage-and-hour case.  *See Espinosa v. Perez*, No. 18 Civ. 8855,

---

[1]     Although Mr. Pechman's hourly billable rate increased to $750 in 2023, which PLG's hourly-paying clients have paid and currently pay, we maintained his rate at $600 for purposes of this Action.

2020 WL 1130743, at *1, 4 (S.D.N.Y. Mar. 9, 2020) (adopting Report & Recommendation awarding Mr. Pechman $600 per hour). Likewise, District Judge Lewis J. Liman awarded Mr. Pechman his $600 per hour rate and in a wage-and-hour case resulting in a default judgment. *See Augusto Corrales v. AJMM Trucking Corp.*, No. 19 Civ. 4532, 2020 WL 1911189, at *4 (S.D.N.Y. Apr. 20, 2020).

16. I, Gianfranco J. Cuadra, received my J.D. degree *magna cum laude* from Hofstra Law School in May 2009, where I was Research Editor of the Hofstra Law Review and an honorary member of the National Order of Scribes for outstanding legal writing. I am admitted to practice in the United States District Courts for the Eastern, Western, and Southern Districts of New York and am a member in good standing of the New York State Bar. Prior to joining PLG, I worked as an associate attorney at Winston & Strawn LLP. I first worked at PLG as an associate attorney from March 2015 through December 2020. Since January 1, 2021, I have been a partner at PLG. Since 2015, I have litigated over 175 wage-and-hour cases ranging from individual plaintiff to class and collective actions on behalf of both employees and management.

17. I have presented in numerous CLE programs, most of which concern wage-and-hour issues. Every year since 2017, I have served as a panelist in a New York City Bar program titled "FLSA Math: How to Calculate Wage-Related Damages." On November 15, 2018, I served as a panelist in a day-long mediator training program organized by the United States District Court, Southern District of New York on how to mediate wage-and-hour disputes under the FLSA and the NYLL. On May 6, 2020, I served as a panelist in a New York City Bar webinar titled "Employment During a Pandemic: COVID-19 and the Major Issues Affecting New York Workplaces," where I presented on major wage-and-hour issues arising in the wake of the COVID-19 pandemic. On April 13, 2021, I presented in a New York City Bar webinar titled "How

to Handle a Prevailing Wage Matter in New York." On June 1, 2021, I again presented in a New York City Bar webinar titled "Classifying Workers: Employed, Jointly Employed, or Independent Contractor," concerning misclassification issues in wage-and-hour actions. On November 22, 2021, I published an article in the New York Law Journal titled *Prevailing Wage Law in New York's Construction Industry*, concerning the litigation and settlement of prevailing wage actions under Article 8 of the NYLL. On March 4, 2022, I moderated and presented in a wage-and-hour panel of the New York City Bar's annual Employment Law Institute. On March 8, 2022, I presented on the latest wage-and-hour issues and damages calculations to approximately forty arbitrators of the American Arbitration Association. On September 16, 2022, I presented a wage-and-hour workshop as part of the New York State Bar's annual Labor & Employment Law Conference. On January 20, 2023, I moderated another wage-and-hour workshop focused on the latest issues in wage-and-hour practice as part of the New York State Bar's annual Labor & Employment Law Conference in New York City. The New York State Bar Association's Labor and Employment Law Journal published my article, *How to Calculate Damages in Wage-and-Hour Cases in New York State*, in the summer of 2023. On March 13, 2024, I moderated another wage-and-hour workshop titled *Late Wage Payment Claims in New York:* Vega*,* Grant*, and NYLL § 191*, hosted by the New York State Bar Association.

18. Since the fall of 2023, I have served as Co-Chair of the Wage-and-Hour Committee of the New York State Bar Association's Employment Law Section. Since the fall of 2024, I have also served as a Deputy Governor of Region II of the Hispanic National Bar Association.

19. I am a native Spanish speaker, the language of all Plaintiffs.

20. My hourly billable rate at Winston & Strawn LLP, almost twelve years ago when I was a fourth-year associate attorney, was $475. My hourly rate at PLG as a partner

7

is $600 for all clients. PLG's hourly-paying clients pay for my services at this rate. They include a Fortune 100 transportation company, a shoe manufacturer, an energy company, a financial services hedge fund, recruiting companies, a law firm, a warehouse, a non-profit healthcare company, a security company, several restaurants, and numerous executives, upper-level managers, and company board members.

21.     Laura Rodriguez received her J.D. degree in May 2013 from Fordham University School of Law, where she was a Stein Scholar for the Public Interest and the 2013 Public Service Valedictorian. Ms. Rodriguez is a member in good standing of the New York State Bar and New Jersey State Bar. She is admitted to practice in this Court, in the Eastern District of New York, in the District of New Jersey, and in the Second Circuit Court of Appeals. Ms. Rodriguez first worked for Berke-Weiss & Pechman LLP from 2013 to 2015, before joining PLG as an associate in 2015. She stopped working for PLG in May 2022. Throughout her tenure at PLG, Ms. Rodriguez was actively involved in the litigation of over 125 wage-and-hour cases, ranging from individual plaintiff to class and collective actions on behalf of both employees and management. She settled single and multi-plaintiff wage-and-hour actions in the District Courts of New York, New Jersey, Connecticut, and Pennsylvania and participated in all aspects of litigation. Her billable hourly rate at PLG was $400 for all clients. PLG's hourly-paying clients paid for Ms. Rodriguez's services at this rate, including several restaurants, a theater, and many corporate executives.

22.     Christian Mercado received his J.D. degree from Fordham University School of Law in May 2021, where he was the recipient of the Archibald R. Murray Public Service Award (*summa cum laude*) and a member of the Brendan Moore Trial Advocacy Team. Mr. Mercado was admitted to the New York State Bar in August 2022. He worked as an associate attorney at PLG from the summer of 2022 until April 2024. Throughout

his tenure at PLG, Mr. Mercado was actively involved in the litigation of over thirty-five wage-and-hour matters, including class and collective actions. Mr. Mercado independently conducted client meetings, drafted and filed pleadings, drafted discovery requests and responses, defended depositions, and participated in pretrial conferences, including settlement conferences. Mr. Mercado is a native Spanish speaker, the language of all Plaintiffs. His billable hourly rate at PLG was $225 for all clients. PLG's hourly-paying clients paid for Mr. Mercado's services at this rate, including restaurants and corporate executives. Mr. Mercado is now an associate attorney at Jackson Lewis P.C.

23. Rachell Henriquez received her J.D. degree from Benjamin N. Cardozo School of Law in May 2023, where she served as Staff Editor for the Cardozo Journal of Equal Rights and Social Justice and interned for the Kathryn O. Greenberg Immigration Justice Clinic. Ms. Henriquez is a member in good standing of the New York State Bar and is admitted to practice before the U.S. District Court for the Eastern District of New York. Her admission to practice before this Court is in process. Since joining PLG, Ms. Henriquez was actively involved in the litigation of over twenty-five wage-and-hour matters. Ms. Henriquez independently conducts client intake and status meetings, drafts and files pleadings, drafts discovery requests and responses, and participates in pretrial and settlement conferences. Ms. Henriquez is a native Spanish speaker, the native language of all Plaintiffs. Her billable hourly rate at PLG is $125 for all clients.

24. Miguelina Paulino is a paralegal at PLG. She received her B.A. degree, *summa cum laude,* in Legal Studies from Berkeley College. Ms. Paulino is a native Spanish speaker, the native language of all Plaintiffs. Her billable hourly rate at PLG is $125 for all clients.

## II. The Court Should Approve PLG's Attorneys' Fees and Costs Requested

25. PLG requests that the Court grant its request for reimbursement of $1,755.12 in reasonable out-of-pocket expenses incurred in the prosecution of the Action, as summarized in the chart below. Copies of all invoices evidencing the costs that PLG incurred are attached as Exhibit C.

| Expenses Incurred & Description | Amount |
|---|---|
| Filing fee in the Eastern District of New York. *See* ECF No. 1 docket. | $402.00 |
| Service of process on all six corporate defendants in Action. *See* Ex. C at Pages 001–007. | $511.20 |
| Service of process on the Kaszovitzes. *See id.* at Pages 008–009. | $842.00 |

**TOTAL COSTS: $1,755.20**[2]

26. As attorneys' fees for the professionals' work performed in this Action, PLG requests $81,081.63, equal to 33.33% of the Settlement Amount after reimbursement of costs incurred (*i.e.*, 33.33% of the $243,244.88 remaining after subtracting $1,755.12 in costs from the $245,000 Settlement Amount). As is explained in the accompanying joint letter-motion, this request is reasonable as an adequate percentage of the fund. Notably, the amount requested is consistent with Plaintiffs' retainer agreements with PLG. *See* Ex. B § 1. Furthermore, at the settlement conference held on December 3, 2024, all Plaintiffs reviewed the Distributions in the Settlement Agreement with Ms. Henriquez and me in Spanish, and they approved the amounts reflected in the Agreement. *See* Ex. 1. To be clear, Plaintiffs approved PLG's fees requested here and each Distribution as calculated in the Agreement twice, first at the settlement conference and later when they signed the Agreement after reviewing every term of it in Spanish with counsel. *See, e.g.*, Ex. A §§ 5, 8(b).

---

[2] Although disbursements total $1,755.20, PLG requests $0.08 less, or $1,755.12.

27. A lodestar cross-check also confirms that the requested fees are reasonable and should be granted. PLG's contemporaneous time records are attached as Exhibit D.

28. The chart below reflects the name (with initials as they appear on Exhibit D), position, hourly billable rates, and total hours worked of each PLG professional who worked on this matter:

| Professional's Name | Position | Hours Billed | Hourly Rate | Fees |
|---|---|---|---|---|
| Louis Pechman (LP) | Partner | 3.7 | $600 | $2,220.00 |
| Gianfranco J. Cuadra (GC) | Partner | 138.90 | $600 | $83,340.00 |
| Laura Rodriguez (LR) | Associate | 29.10 | $400 | $11,640.00 |
| Christian Mercado (CM) | Associate | 48.80 | $225 | $10,980.00 |
| Rachel Henriquez (RH) | Associate | 82 | $125 | $10,250.00 |
| Miguelina Paulino (MM) | Paralegal | 20.4 | $125 | $2,550.00 |

**TOTAL FEES:   $120,980.00**

29. Based on PLG's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we believe that the hours reported, compiled from contemporaneous time records maintained by each professional participating in the case, are reasonable and were necessarily expended on the Action. Furthermore, unlike other firms that represent employees in wage-and-hour disputes, PLG represents both employers and employees. The hourly rates of the PLG attorneys who worked in this Action are reasonable because they are the rates that PLG's hourly-paying clients actually pay the firm.

30. Notably, before submitting the letter-motion, PLG removed several entries from its contemporaneous billing records, including some paralegal tasks, some legal research conducted, some work concerning of the revision of documents, and all tasks performed by a law student intern who helped on this matter. Combined, these tasks accounted for approximately twenty more hours of work.

11

31. The amount requested in fees is reasonable because it is approximately 67.02% of the lodestar. In other words, the lodestar multiplier in this matter is negative, and, as such, the fees requested should be approved.

32. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 10, 2024

                                   PECHMAN LAW GROUP PLLC

By: _____
Gianfranco J. Cuadra, Esq.
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
cuadra@pechmanlaw.com

*Attorneys for Plaintiffs*